FILED
APR 26 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES E. JACOBSON, JR.,

      Plaintiff,

v.

CV 10-134-PK

OPINION AND ORDER

AMERICAN HONDA MOTOR CO., INC.,
AMERICAN HONDA FINANCE CORP.,
and RON TONKIN HONDA,

      Defendants.

PAPAK, Magistrate Judge:

      Plaintiff James E. Jacobson, Jr., filed this *pro se* action *in forma pauperis* against defendants American Honda Motor Co. ("AHMC"), American Honda Finance Corporation ("AHFC"), and Ron Tonkin Honda ("Ron Tonkin") on February 8, 2010. On February 9, 2010, Jacobson filed a motion styled as an "Emergency Motion for Hearing and/or Motion for Partial Summary Judgment." Defendant Ron Tonkin moved to dismiss Jacobson's action on March 9, 2010, and defendants AHMC and AHFC moved to dismiss on March 17, 2010. All three of the foregoing motions remain pending at this time.

Page 1 - OPINION AND ORDER

Now before the court is Jacobson's motion (#26) for leave to file certain documents under seal, apparently including Jacobson's proposed opposition to one or both of the motions to dismiss, among other unidentified "supporting" documents; for a protective order; and for leave to remove an action from state court and to consolidate that action with the above-styled action. As a preliminary matter, I note that Jacobson's motion is out of compliance with at least two Local Rules of Civil Procedure, namely Local Rule 7-1(a), requiring any party filing a motion to certify, in the first paragraph of the motion, that the parties made an unsuccessful effort in good faith to resolve the dispute before the motion was filed, that the non-moving party refused to confer with the moving party, or that one of the parties is an unrepresented prisoner,[1] and Local Rule 7-1(c), requiring (*inter alia*) that every motion be accompanied by a separately filed legal memorandum in support. I will consider and rule on the motion, or more properly motions, now before the court, but will hereafter summarily deny any further such noncompliant motions filed in this action without further proceedings.

I.  **Motion to File Documents Under Seal**

There is a strong presumption among the courts of the Ninth Circuit in favor of public access to papers filed in the district courts. *See, e.g., Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). A party seeking to file any materials under seal bears the burden of overcoming this presumption by reference to factors including the "public interest in understanding the judicial process and

---

[1] Jacobson's motion contains a paragraph styled as a certificate of compliance with Local Rule 7-1, but the paragraph describes Jacobson's unsuccessful efforts to resolve the motions to dismiss filed against him rather than any efforts to confer regarding the subject matter of the motion before the court.

Page 2 - OPINION AND ORDER

whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990), *citing Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434, *citing Valley Broadcasting*, 798 F.2d at 1295.

A party moving to file documents under seal can only satisfy its burden by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006), *quoting Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2005). Here, Jacobson fails to identify with precision the documents he wishes to file under seal, and fails to set forth with precision any compelling reason for rebutting the presumption in favor of access. Jacobson's motion to file documents under seal is therefore denied with leave to refile in the event Jacobson can identify the documents he wishes to file under seal and can articulate, in good faith, compelling reasons for denying the public access to these documents.

## II. Motion for Protective Order

"A party . . . from whom discovery is sought may move for a protective order in the court where the action is pending. . . ." Fed. R. Civ. P. 26(c)(1). Rule 26(c) provides that a court may for "good cause" issue such a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* To obtain such a protective order,

Page 3 - OPINION AND ORDER

the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002).

Here, no discovery requests have yet issued, nor may any party propound discovery at this stage of these proceedings. Moreover, Jacobson fails to identify the documents that would be subject to any such protective order, or to articulate good cause for the issuance of such an order. Jacobson's motion for protective order is therefore denied with leave to refile if appropriate at a later stage of these proceedings.

### III.    Motion for Leave to Remove and Consolidate

Jacobson moves for leave to remove a case, filed as Case No. 1002-02720 in the Circuit Court of the State of Oregon for the County of Multnomah, in which Jacobson is a defendant, and following such removal to consolidate that action with the above-styled action. Analysis of the complaint in the state court action, which Jacobson has submitted in support of his motion, establishes that the state court action shares no operative facts or legal theories in common with the action now before the court.

To the extent Jacobson seeks leave from this court to remove the state court action, such leave is clearly outside the authority of this court. If grounds for removal exist, Jacobson may remove the action without first obtaining leave from this court. The motion is therefore denied to the extent Jacobson seeks leave to remove the state court action.

To the extent Jacobson seeks leave from this court to consolidate the state court action with the above-styled action, such request is premature, as the action has not yet been removed to

Page 4 - OPINION AND ORDER

this court and a federal action may not be consolidated with a state court action. *See* Fed. R. Civ. P. 42(a). The motion is therefore denied to the extent Jacobson seeks to consolidate the state court action with this action, with leave to refile in the event grounds for removal of the state court action exist and Jacobson removes the action to this court.

## CONCLUSION

For the reasons set forth above, Jacobson's motion (#26) is denied in its entirety, with leave to refile as set forth above.

Dated this 23rd day of April, 2010.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge