IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| JAMES E. JACOBSON, JR., | 10-CV-134-PK |
| Plaintiff, | AMENDED ORDER |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., a California corporation; AMERICAN HONDA FINANCE CORPORATION, a wholly owned subsidiary of American Honda Motor Co.; and RON TONKIN HONDA, a subsidiary of Ron Tonkin Chevrolet Co., an Oregon company, | |
| Defendants. | |

JAMES E. JACOBSON, JR.
818 S.W. Third Ave.
#104
Portland, OR 97204
503-220-8080

        Plaintiff, *Pro Se*

1 - AMENDED ORDER

**JOAN L. VOLPERT**
**MICHAEL J. FARRELL**
Martin Bischoff Templeton Langslet & Hoffman
888 S.W. Fifth Avenue
Suite 900
Portland, OR 97204
(503) 224-3113

>  Attorneys for Defendants American Honda Motor
>  Company, Inc., and American Honda Finance
>  Corporation

**STEPHEN P. RICKLES**
**MARTIN WILLIAM JAQUA**
The Rickles Law Firm, PC
One S.W. Columbia Street
Suite 1850
Portland, OR 97258
(503) 229-1850

>  Attorneys for Defendant Ron Tonkin Honda

**BROWN, Judge.**

Magistrate Judge Paul Papak issued Findings and Recommendation (#50) on April 29, 2010, in which he recommends the Court grant the Motion (#12) to Dismiss of Defendant Ron Tonkin Honda; grant the Motion (#23) to Dismiss of Defendants American Honda Motor Company, Inc., and American Honda Finance Corporation; deny all other pending motions as moot; and dismiss this matter without prejudice. Plaintiff filed timely Objections to the Findings and Recommendation and a Motion (#43) for Imposition of Sanctions. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

The Court has determined oral argument is unnecessary to

2 - AMENDED ORDER

resolve these matters and, therefore, pursuant to Local Rule 7-1(d)(1), the Court denies Plaintiff's request for oral argument.

## I.   Plaintiff's Objections

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

In his Objections, Plaintiff notes at least one other judge in this Court has granted a request by Plaintiff to proceed *in forma pauperis* (IFP),[1] and, therefore, Magistrate Judge Papak erred when he found Plaintiff's allegations of poverty in his Application in this matter were untrue.  The record, however, does not reflect Magistrate Judge Stewart had before her in *Jacobson v. Lundeen* the same materials submitted to Magistrate Judge Papak in this matter.  Moreover, the fact that Plaintiff was awarded IFP status in *Jacobson v. Lundeen* based on the record

---

[1] Plaintiff contends Judge Haggerty granted Plaintiff's request to proceed *in forma pauperis* in *Jacobson v. Oregon*, 10-CV-115-ST.  Even though Plaintiff submitted an Application to Proceed *In Forma Pauperis* in that matter, Judge Haggerty adopted Magistrate Judge Stewart's Findings and Recommendation to remand the matter to state court without ruling on Plaintiff's Application to Proceed *In Forma Pauperis*.  The Court, however, notes Magistrate Judge Stewart granted Plaintiff's Application to Proceed *In Forma Pauperis* in *Jacobson v. Lundeen,* 10-CV-98-ST.  Accordingly, the Court assumes Plaintiff intended to refer to *Jacobson v. Lundeen* in his Objections.

3 - AMENDED ORDER

in that case does not resolve whether the record in this case supported Magistrate Judge Papak's Findings and Recommendation.

In any event, Plaintiff does not point to any reliable evidence in the record that establishes the Magistrate Judge erred when he found Plaintiff's present allegations of poverty are untrue. In fact, the record in this matter, including Plaintiff's own submissions, establishes Plaintiff's Application to Proceed *In Forma Pauperis* contains at least inaccurate, if not affirmatively false allegations of poverty.

In short, this Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**II.  Ron Tonkin Honda's vexatious litigant request**

Defendant Ron Tonkin Honda contends the Court should enter a "vexatious litigant" order against Plaintiff. Ron Tonkin Honda raises this request for the first time in its Response to Plaintiff's Objections and this issue was not presented to the Magistrate Judge. The Court, therefore, declines to address Ron Tonkin Honda's request because it is not properly before this Court at this time.

**III. Plaintiff's Motion for Sanctions**

4 - AMENDED ORDER

Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure 11 against Defendant Ron Tonkin Honda because in the Affidavit of Stephen P. Rickels attached to Ron Tonkin Honda's Motion to Dismiss, Rickels refers to and attaches documents that contain unredacted personal information of Plaintiff in violation of Federal Rule of Civil Procedure 5.2(a). The Court construes Plaintiff's Motion for Sanctions as a Motion to Seal the Rickels Affidavit and attachments thereto, and to that extent **GRANTS** the Motion to Seal, and **DIRECTS** the Clerk of Court to seal the Affidavit of Stephen P. Rickels and the attachments thereto submitted with Defendant Ron Tonkin Honda's Motion (#12) to Dismiss.  To the extent Plaintiff seeks other relief or "sanctions" against Defendant Ron Tonkin Honda in this Motion, the Court, in the exercise of its discretion, denies Plaintiff's request.

In light of these rulings and the dismissal of this action, the Court denies all other pending motions (#4, #31, and #34) as moot.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#50); **GRANTS** the Motion (#12) to Dismiss of Defendant Ron Tonkin Honda; **GRANTS** the Motion (#23) to Dismiss of Defendants American Honda Motor Company, Inc., and American Honda

5 - AMENDED ORDER

Finance Corporation; **GRANTS** Plaintiff's Motion (#43) to Seal; **DIRECTS** the Clerk of Court to seal the Affidavit of Stephen P. Rickels and the attachments thereto submitted with Defendant Ron Tonkin Honda's Motion (#12) to Dismiss; **DENIES** all other pending motions **as moot**; and **DISMISSES** this matter **without prejudice**.

   IT IS SO ORDERED.

   DATED this 5th day of August, 2010.

                              /s/ Anna J. Brown
                              _____
                              ANNA J. BROWN
                              United States District Judge

6 - AMENDED ORDER